UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: CHARLES PIERSON VANDENBOSCH,

                  Debtor.
_____

CHARLES PIERSON VANDENBOSCH,

                  Appellant,

vs.                              Case No.  2:11-cv-139-FtM-29
                              Bankr. No. 9:10-bk-06427-ALP

JON WAAGE,

                  Appellee.
_____


## OPINION AND ORDER

This matter comes before the Court on appeal from the Bankruptcy Court's February 10, 2011 Agreed Order Granting Debtor's Motion to Amend Order Granting Debtor's Motion to Amend Order Denying Confirmation (Doc. #9-19; Bankr. Doc. #49)[1].  The Bankruptcy Court concluded that a Chapter 13 plan must include social security benefits as projected disposable income which will be applied to payments for unsecured creditors.  The undersigned granted leave for an interlocutory appeal (Doc. #3), and now reverses the decision of the Bankruptcy Court.

_____

[1]The Court will hereinafter cite documents filed with the District Court as "Doc." and documents filed in the Bankruptcy case as "Bankr. Doc."  Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court or otherwise available through PACER.

**I.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed de novo, while findings of fact are reviewed for clear error.  In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).  Appellant filed an Initial Appellate Brief (Doc. #10), appellee filed an Answer Brief (Doc. #18), and appellant filed a Reply Brief (Doc. #21). After examination of the briefs and record, the Court finds that the decisional process would not be significantly aided by oral argument, and the parties have not requested oral argument.

**II.**

On March 23, 2010, debtor Charles Pierson Vandenbosch (debtor or appellant) filed a voluntary petition under Chapter 13 of the Bankruptcy Code and a Chapter 13 Plan.  Debtor's initial Schedule I (Current Income) showed social security income of $2,885.50, consisting of $1,987.00 for debtor and $898.50 for debtor's non-filing spouse, and a combined average monthly income of $11,081.80. (Doc. #9-1, p. 24; Bankr. Doc. #1.)  Debtor submitted an original and an amended Chapter 13 Plan, neither of which included any of the social security benefits as projected disposable income.  The Trustee objected to the confirmation of the plans.

In due course the Bankruptcy Court denied confirmation of the amended plan, stating:  "The Debtor(s) Chapter 13 Plan, as filed, does not meet the requirements for confirmation and therefore is DENIED for the following reasons: the Court finds the Debtors have not contributed all of their disposable income to be received in the applicable commitment period pursuant to 11 U.S.C. § 1325(b) because they have failed to commit their Social Security income as listed on Schedule I."  (Doc. #49, ¶ 1.)  The Bankruptcy Court relied primarily on In re Rodgers[2] and with courts that have held that exempt income must be taken into account in determining a debtor's disposable income.  (Doc. #9-12, pp. 16, 18.)  The Bankruptcy Court made no final decision on the Trustee's objection that the plan was not filed in good faith.  The Bankruptcy Court directed the filing of another amended plan, but this appeal was filed in lieu of another plan.

### III.

As the Supreme Court recently stated:

Chapter 13 of the Bankruptcy Code provides bankruptcy protection to "individual[s] with regular income" whose debts fall within statutory limits. [ ] Unlike debtors who file under Chapter 7 and must liquidate their nonexempt assets in order to pay creditors, [ ] Chapter 13 debtors are permitted to keep their property, but they must agree to a court-approved plan under which they pay creditors out of their future income[.] A bankruptcy trustee oversees the filing and execution of a Chapter 13 debtor's plan. [ ]

---

[2]In re Rodgers, 430 B.R. 910 (Bankr. M.D. Fla. 2010).

<u>Hamilton v. Lanning</u>, 130 S. Ct. 2464, 2468-2469 (2010)(internal statutory citations omitted).  The Bankruptcy Court must confirm a plan if it complies with the provisions of Chapter 13 and other applicable provisions of Title 11.  11 U.S.C. § 1325(a)(1).  If the Trustee or an unsecured creditor objects to the confirmation, the Bankruptcy Court may not approve the plan unless:  (1) the value of the distributed property under the plan is not less than the amount of the claim; or (2) the plan provides that all of the debtor's projected disposable income will be applied to payments for unsecured creditors.  11 U.S.C. § 1325(b)(1)[3].  The specific issue on appeal is whether the Bankruptcy Court erred in concluding that Social Security income must be included as "projected disposable income" before a plan may be confirmed.

---

[3]The statute provides:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan--

　　(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

　　(B) the plan provides that all of the debtor's **projected disposable income** to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(emphasis added).

"Projected disposable income" is an undefined term in the Bankruptcy Act.  Under the Bankruptcy Code, "disposable income" was "loosely defined".  Lanning, 130 S. Ct. at 2469.  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) left the term "projected disposable income" undefined, but provided substance to the phrase "disposable income."  "Disposable income" is now defined as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended."  11 U.S.C. § 1325(b)(2).  "Current monthly income" is in turn defined as the average monthly income from all sources without regard to whether the income is taxable, derived during the 6-month period preceding the filing of the bankruptcy petition, and includes "any amount paid by any entity other than the debtor [ ], on a regular basis for the household expenses of the debtor or the debtor's dependents [], but excludes benefits received under the Social Security Act, . . . ."  11 U.S.C. § 101(10A)(2010).  Lanning focused on the "projected" portion of the term, and held that a "forward-looking approach" should be used when determining projected disposable income.  130 S. Ct. at 2471-2472.

Prior to the enactment of the BAPCPA, social security benefits were typically included in the calculation of disposable income. Baud v. Carroll, 634 F.3d 327, 347 (6th Cir. 2011).  See, e.g., In re Hagel, 171 B.R. 686, 689 (Bankr. D. Mont. 1994)(In a Chapter 13 case, debtor's "exempt income must be included when determining

'disposable income.'"); <u>In re Shields</u>, 322 B.R. 894, 898 (Bankr. M.D. Fla. 2005)(social security benefits "should be treated as 'income' for purposes of determining whether a debtor has 'disposable income' under § 1325 of the Bankruptcy Code, even though such benefits are exempt from the claims of the debtor's creditors."). After enactment of the BAPCPA, but relying primarily on pre-BAPCPA law, <u>In re Rodgers</u> found that social security benefits should continue to be included when calculating disposable income. <u>In re Rodgers</u>, 430 B.R. 910, 913-914 (Bankr. M.D. Fla. 2010)(citing <u>In re Shields</u> and <u>In re Hagel</u> and concluding that Social Security benefits are properly considered as part of disposable income). The Court concludes that <u>In re Rodgers</u> was wrongly decided.

It is certainly true that the Court does "not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure." <u>Lanning</u>, 130 S. Ct. at 2473 (citations omitted). The amendment to the definition of "disposable income" in BAPCPA was such a clear indication of an intended departure. <u>Baud v. Carroll</u>, 634 F.3d at 347 (citing <u>Lanning</u>, 130 S. Ct. at 2473). BAPCPA specifically excludes social security benefits by addition of the definition under Section 101(10A). Putting the statutory definitions together, "projected disposable income" is a forward-looking approach consisting of the average monthly income from all sources,

without regard to taxability, derived during the 6-month period preceding the filing of the bankruptcy petition, less amounts reasonably necessary to be expended for maintenance, **but excluding benefits received under the Social Security Act.**[4]

This plain reading of the statute is also consistent with the Social Security Act, 42 U.S.C. § 407(a), (b), which provides:

(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, **or to the operation of any bankruptcy or insolvency law.**

(b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. § 407(a), (b) (emphasis added). Nothing in BAPCPA refers to this section of the Social Security Act.

Disposable income is the current monthly income less amounts reasonably necessary for maintenance and support, 11 U.S.C. § 1325(b)(2), and current monthly income is defined to **exclude** social security benefits, 11 U.S.C. § 101(10A). Therefore, a Chapter 13

---

[4]Cases post-BAPCPA and outside the Middle District of Florida have mostly found that social security benefits are properly excluded from the calculation of disposable income. See, e.g., In re Barfknecht, 378 B.R. 154, 161-162 (Bankr. W.D. Tex. 2007); In re Bartelini, 434 B.R. 285 (Bankr. N.D.N.Y. 2010); In re Welsh, 440 B.R. 836, 846 (Bankr. D. Mont. 2010); In re Thomas 443 B.R. 213, 216-217 (Bankr. N.D. Ga. 2010); In re Miller, 445 B.R. 504, 507-508 (Bankr. D.S.C. 2011)(citing In re Siegel, 06-02291-dd, 2006 WL 3483987, at *2 (Bankr. D.S.C. Nov. 20, 2006)).

plan need not provide that social security benefits be included as projected disposable income which will be applied to payments for unsecured creditors.  Refusal to confirm the amended plan because of the failure to include social security benefits as projected disposable income was therefore an error of law.

**IV.**

In the Order on Trustee's Motion for Clarification of the Court's Ruling at the November 18, 2010 Confirmation Hearing (Bankr. Doc. #41), the Bankruptcy Court stated that "in the future should the practice of not including social security income in the disposable income calculation come before the Court again, the Court may determine a Debtor may have acted in bad faith. . . ." (Doc. #41, ¶ 3.)  The Bankruptcy Court, however, did not make a actual bad faith finding, and thus there is nothing to review on appeal as to good faith.

The Court intimates no view as to whether the plan should be confirmed or not.  All that is decided is that because social security benefits are not a component of projected disposable income, a plan cannot be rejected for failure to include such benefits as projected disposable income.  A necessary corollary is that a finding of bad faith may not be based upon such a failure.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Bankruptcy Court's February 10, 2011 Agreed Order Granting Debtor's Motion to Amend Order Granting Debtor's Motion to Amend Order Denying Confirmation (Doc. #9-19; Bankr. Doc. #49) is **REVERSED AND REMANDED** for further proceedings consistent with this Opinion and Order.

2.   The Clerk shall enter judgment accordingly, transmit a copy of this Opinion and Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of October, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Hon. David H. Adams
Counsel of record
Clerk, U.S. Bankr. Ct.